A. J. Coburn v. Commissioner. Anne Coburn v. Commissioner.
Coburn v. Commissioner
Docket Nos. 31594, 31595.
United States Tax Court
1953 Tax Ct. Memo LEXIS 335; 12 T.C.M. (CCH) 275; T.C.M. (RIA) 53084; March 16, 1953
*335 Validity of partnership established. Amount of casualty loss determined. Peter B. Welles, Esq., 610 San Jacinto Building, Beaumont, Tex., for the petitioners. D. Louis Bergeron, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion These proceedings were brought to test the correctness of the respondent's determinations of deficiencies in income tax for the years 1946 and 1947. There has been determined against each of the petitioners a deficiency of $1,402.53 for 1946 and a deficiency of $4,325.29 against each petitioner for 1947. Two issues are involved: (1) the validity of a partnership, and (2) the deductibility of a storm and flood loss and the amount thereof. The findings are based on a stipulation of facts and oral and documentary evidence. Findings of Fact The petitioners, A. J. Coburn and Anne Coburn, also known as Albert J. Coburn and Mrs. A. J. Coburn, husband and wife, are individuals with residence in Beaumont, Jefferson County, Texas, within the first collection district of Texas. Mrs. John Reynolds, also known as Mrs. J. R. Reynolds and Elma C. Reynolds, is a sister of A. J. Coburn. She is a resident of New Orleans, *336 Louisiana. On March 17, 1947, the collector of internal revenue for the first district of Texas, hereinafter referred to as the collector, received a partnership return of income, Form 1065, for the calendar year ended December 31, 1946, for Coburn Supply Company, wholesale plumbing supply company of Beaumont, Texas, wherein ordinary income of $98,227.65 and capital gain of $120.30 were reported and were shown on said return to be distributable as follows: Time
Devoted
Ordinary
Capital
to Business
Income
Gain
A. J. Coburn
All
$94,003.14
$120.30
Elma C. Reynolds
None
4,224.51
Totals
$98,227.65
$120.30
On March 17, 1947, the collector received separate individual income tax returns of A. J. Coburn and Anne Coburn, Form 1040, for the taxable year 1946 in accordance with the community property laws of the State of Texas. Each of said returns disclosed adjusted gross income of $47,061.72. In arriving at said adjusted gross income each petitioner reported as taxable income one-half of those profits of Coburn Supply Company shown on the partnership return as being distributable to A. J. Coburn, i.e., one-half of $94,003.14 or $47,001.57 and *337 one-half of the capital gain of $120.30, or $60.15. On March 15, 1948, the collector of internal revenue for the first district of Texas received a partnership return of income, Form 1065, for the calendar year ended December 31, 1947, for Coburn Supply Company wherein there was reported $145,334.51 ordinary income shown on said return to be distributable as follows: Time Devoted
Ordinary
to Business
Income
A. J. Coburn
All
$138,427.78
Elma C. Reynolds
None
6,906.73
On March 15, 1948, A. J. Coburn and Anne Coburn each filed separate individual income tax returns, Form 1040, for the taxable year 1947 in accordance with the community property laws of the State of Texas; each of said returns disclosed adjusted gross income of $69,213.89. In arriving at said adjusted gross income each petitioner reported $69,213.89, or half of those profits of Coburn Supply Company shown on the partnership return as being distributable to A. J. Coburn, or $138,427.58. In addition on page three of said returns under Deductions, and more specifically under Losses from Storms, Etc., petitioners each claimed one-half of a $4,900.00 deduction explained as "Flood damage to *338 home not covered by insurance (contractor separately stated costs due to flood damage as distinguished from improvements) $4,650.00" and "Shrubbery $250.00" making the said total of $4,900.00. After an examination of the partnership returns filed for 1946 and 1947, the respondent's internal revenue agent determined that the income of Coburn Supply Company was taxable in total to petitioners. Petitioners were so advised on August 9, 1949. After an examination of the individual income tax returns filed by petitioners for the taxable years 1946 and 1947 the respondent in statutory notices dated September 8, 1950, advised petitioners that the income of Coburn Supply Company had been determined to be taxable income to them for 1946 and 1947 and, in addition, disallowed all of the loss from flood damages claimed by them in 1947. From 1936 to May 10, 1937, A. J. Coburn operated a wholesale plumbing supply business in Beaumont, Texas, as a single proprietorship. On May 10, 1937, A. J. Coburn secured $2,000 from Elma C. Reynolds, giving her a note therefor, and agreeing with her that she would receive a minimum of $50 per month. Elma C. Reynolds paid over to her brother, A. J. Coburn, *339 an additional $2,000 on May 17, 1938, and received therefor a note and executed an agreement with him. A. J. Coburn and Elma C. Reynolds each understood, and it was their intention that they were to be partners in a business operation and Elma C. Reynolds recognized the possibility of loss, as well as a profit. In February, 1942, A. J. Coburn and Elma C. Reynolds executed a written partnership agreement. Following the agreement of February, 1942, the books of account and all records of the Coburn Supply Company showed Elma C. Reynolds as a partner of the Coburn Supply Company and five per cent of all the earnings were accrued to her account. The $4,000 capital contribution supplied by Elma C. Reynolds to the Coburn Supply Company was essential for the success of that business. Coburn Supply Company, Inc. was incorporated under the laws of the State of Texas on December 31, 1947, to succeed to the assets and liabilities of Coburn Supply Company. Twenty thousand shares of nopar value stock were authorized; of these 10,000 shares were issued January 2, 1948, 9,400 shares being issued to petitioners, 100 shares to Arthur J. Maloney, and 500 shares to Elma C. Reynolds. During *340 the calendar years 1946 and 1947 Elma C. Reynolds and petitioner, A. J. Coburn, intended to be and were bona fide partners in the plumbing supply business in Beaumont, Texas, known as the Coburn Supply Company. Elma C. Reynolds was a partner in the business to the extent of five per cent of its net income, and A. J. Coburn was a partner to the extent of ninety-five per cent interest in the net income of the Coburn Supply Company. Prior to and after November 4, 1946, petitioners owned and resided in home at 540 23rd Street, Beaumont, Texas. On November 4, 1946, a storm and flood occurred and the damage to petitioners' property directly resulting therefrom was in the amount of $4,650 to the house and $250 to the shrubbery, making a total amount of $4,900. Immediately prior to the storm and flood the residence of petitioners was valued at $13,000. Immediately after the flood it was worth not more than $3,000. The adjusted basis of the property to the petitioners was in excess of $4,900. No part of this storm and flood loss was recoverable by insurance or otherwise. Opinion ARUNDELL, Judge: At the conclusion of the trial of this cause in New Orleans, Louisiana, on January 30, 1953, the *341 Presiding Judge stated that in his opinion the petitioners had established that during the taxable years 1946 and 1947 there existed between petitioner, A. J. Coburn, and Elma C. Reynolds a valid partnership, recognizable for income tax purposes, and that A. J. Coburn's interest therein was ninety-five per cent of the net income and Elma C. Reynolds' interest therein was five per cent of the net income of said business. Capital was a material income-producing factor in the conduct of the enterprise, and at the time Elma C. Reynolds invested therein the money advanced by her was urgently needed. The evidence also established that petitioners suffered a casualty loss due to a storm and resulting flood in November, 1946, which damaged their home. The amount of the loss to petitioners was $4,900, $4,650 of which represented damage to the home itself, and $250 represented the damage suffered by the destruction of shrubbery. As no part of this loss was reimbursable to petitioners either by insurance or otherwise, they are entitled to a deduction in the amount of the loss under section 23 (e) (3) of the Internal Revenue Code. I.T. 4032, 1950-2 C.B. 21.
*342 Decisions will be entered under Rule 50.